IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MYRON VANCE VIVIAN,

    Petitioner,

vs.

WARDEN CASTRO, et al.,

    Respondents.

No. CIV S-05-0965 LKK DAD P

FINDINGS AND RECOMMENDATIONS

/

        Petitioner is a former state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a 2002 judgment of conviction entered against him in the Lassen County Superior Court on one count of committing a lewd or lascivious act on a child under the age of 14 years following his guilty plea to that charge. He seeks relief on the grounds that: (1) his Fourth Amendment right against unreasonable search and seizure was violated when his confession was illegally tape-recorded; (2) his confession was obtained in violation of the decision in Miranda v. Arizona, 384 U.S. 436 (1966) and his rights under the Fifth and Sixth Amendments; (3) prosecutorial misconduct violated his right to due process; and (4) his trial counsel rendered ineffective assistance. Upon careful consideration of the record and the applicable law, the undersigned will recommend that petitioner's application for habeas corpus relief be denied.

1

PROCEDURAL AND FACTUAL BACKGROUND

> Defendant Myron Vance Vivian pleaded guilty to commission of a lewd and lascivious act with a child under age 14. (Pen.Code, § 288, subd. (a).)[1] In exchange, three counts of that offense were dismissed with a Harvey waiver,[2] and a multiple-victims allegation (§ 667.61, subd. (b)) was dismissed outright. Defendant was sentenced to state prison for six years, awarded 377 days of custody credit and 56 days of conduct credit, and ordered to pay a $1,200 restitution fine (§ 1202.4) and a $1,200 restitution fine suspended unless parole is revoked (§ 1202.45).

("Item 4" filed in support of the Answer (Opinion) at 1.)

On September 6, 2002, petitioner filed a timely notice of appeal, with the issues limited to "sentence only." ("Item 1" filed in support of the Answer, Clerk's Transcript on Appeal (hereinafter CT) at 132.) Petitioner's appellate counsel filed a brief in accordance with the decision in People v. Wende, 25 Cal. 3d 436 (1979), in which counsel set forth the facts of the case and requested that the appellate court review the record and determine whether there were any arguable issues on appeal. ("Item 3" filed in support of the Answer.) The California Court of Appeal for the Third Appellate District found no arguable error that would result in a disposition more favorable to defendant and affirmed petitioner's judgment of conviction. (Opinion at 2.)

On February 10, 2004, petitioner filed a petition for writ of habeas corpus in the Lassen County Superior Court, in which he raised the same claims set forth in the petition pending before this court. ("Item 6" filed in support of the Answer.) The Superior Court denied that petition by order dated February 11, 2004. The court reasoned as follows:

> Petitioner, in the custody of the California Department of Corrections at the California Medical Facility, Vacaville, alleges that he is illegally imprisoned because of illegal search and seizure; that he was denied effective assistance of counsel in that his counsel was a buddy of the prosecuting attorney and the sentencing judge; and violation of his Miranda rights. Review of the record

---

[1] All further statutory references are to the Penal Code.

[2] People v. Harvey (1979) 25 Cal. 3d 754.

2

> reveals that petitioner pleaded guilty in a plea bargain, reserving his right of appeal of the sentence. On appeal, his attorney filed a <u>Wende</u> brief. The petition does not state grounds for relief via habeas corpus (c.f. <u>In re Basham</u>, (1937) 24 Cal.App.2d 285) and is denied.

(Petition filed May 16, 2005 (hereinafter Pet.) at page 29 of 40.) Petitioner subsequently filed a petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District, in which he raised these same claims. ("Item 7" filed in support of the Answer.) That petition was summarily denied by order dated April 22, 2004. (<u>Id.</u>) On May 11, 2004, petitioner filed a petition for writ of habeas corpus in the California Supreme Court, raising the same claims. ("Item 8" filed in support of the Answer.) That petition was summarily denied by order dated March 23, 2005. (<u>Id.</u>)

ANALYSIS

I. <u>Standards of Review Applicable to Habeas Corpus Claims</u>

A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of some transgression of federal law binding on the state courts. See <u>Peltier v. Wright</u>, 15 F.3d 860, 861 (9th Cir. 1993); <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing <u>Engle v. Isaac</u>, 456 U.S. 107, 119 (1982)). A federal writ is not available for alleged error in the interpretation or application of state law. See <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991); <u>Park v. California</u>, 202 F.3d 1146, 1149 (9th Cir. 2000); <u>Middleton</u>, 768 F.2d at 1085. Habeas corpus cannot be utilized to try state issues <u>de</u> <u>novo</u>. <u>Milton v. Wainwright</u>, 407 U.S. 371, 377 (1972).

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See <u>Lindh v. Murphy</u>, 521 U.S. 320, 336 (1997); <u>Clark v. Murphy</u>, 331 F.3d 1062, 1067 (9th Cir. 2003). Section 2254(d) sets forth the following standards for granting habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on

>the merits in State court proceedings unless the adjudication of the claim -
>
>>(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

See also Penry v. Johnson, 532 U.S. 782, 792-93 (2001); Williams v. Taylor, 529 U.S. 362 (2000); Lockhart v. Terhune, 250 F.3d 1223, 1229 (9th Cir. 2001). If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing federal court then conducts a de novo review of a habeas petitioner's claims. Delgadillo v. Woodford, 527 F.3d 919, 925 (9th Cir. 2008). See also Frantz v. Hazey, 513 F.3d 1002, 1013 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

The court looks to the last reasoned state court decision as the basis for the state court judgment. Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, the habeas court may consider both state court decisions to ascertain the reasoning of the last decision. Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether the state court erred and habeas corpus relief is available under § 2254(d). Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003); Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002). When it is clear that a state court has not reached the merits of a petitioner's claim, or has denied the claim on procedural grounds, the AEDPA's deferential standard does not apply and a federal habeas court must review the claim de novo. Nulph v. Cook, 333 F.3d 1052, 1056 (9th Cir. 2003).

II. Petitioner's Claims

As described above, petitioner seeks relief in the instant petition on four grounds. First, he claims that his Fourth Amendment right against unreasonable search and seizure was violated when his confession was illegally tape-recorded. (Pet. at 14-15 of 40.) Second, petitioner claims that his confession was obtained in violation of the decision in Miranda v. Arizona, 384 U.S. 436 (1966) and his rights pursuant to the Fifth and Sixth Amendments. (Id. at 16-18 of 40.) Specifically, petitioner asserts that: (1) he requested counsel at his interrogation but his request was ignored; (2) his request for an attorney constituted an invocation of his right to remain silent; and (3) he was unlawfully interrogated without receiving Miranda warnings. (Id.; "rebuttal to respondents motion to dismiss" filed May 26, 2006 (Traverse) at 3-4 of 11.) Third, petitioner claims that the prosecutor committed misconduct by failing to disclose to the trial and appellate courts that petitioner's interrogation had been tape-recorded without his knowledge. (Pet. at 19-20 of 40.) Petitioner also claims that certain state court transcripts, such as the transcript of his interrogation, have been "made up" or altered to favor the prosecution. (Pet. at 15, 20 of 40; Traverse at 2 of 11.) Fourth, petitioner claims that his trial counsel rendered ineffective assistance by: (1) "throwing" petitioner's case because of his friendship with the prosecutor and the sentencing judge; (2) failing to obtain the suppression of petitioner's confession; and (3) failing to sufficiently communicate with petitioner about his case. (Pet. at 21-23 of 40; Traverse at 2-6, 9 of 11.)

First, all of the alleged violations of his constitutional rights complained of by petitioner occurred prior to the entry of his guilty plea. Petitioner may not raise claims of deprivation of his constitutional rights that occurred prior to the plea. "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973). See also McMann v. Richardson, 397 U.S. 759, 770-71 (1970); Moran v.

Godinez, 57 F.3d 690, 700 (9th Cir. 1994) ("As a general rule, one who voluntarily pleads guilty to a criminal charge may not subsequently seek federal habeas relief on the basis of pre-plea constitutional violations"), overruled on other grounds in Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003) (court declined to address petitioner's claim that his counsels' failure to attempt to prevent the use of his confession constituted ineffective assistance); Ortberg v. Moody, 961 F.2d 135, 137 (9th Cir. 1992) ("petitioner's nolo contendere plea precludes him from challenging alleged constitutional violations that occurred prior to the entry of that plea"); Hudson v. Moran, 760 F.2d 1027, 1029-30 (9th Cir. 1985) (voluntary and intelligent guilty plea precludes federal habeas relief based upon "independent claims" of pre-plea constitutional violations). Under these circumstances, a prisoner may attack only the voluntary and intelligent character of his guilty plea in habeas proceedings. Ortberg, 961 F.2d 135 at 137. Petitioner's claims all involve alleged pre-plea constitutional violations that do not implicate the voluntary or intelligent nature of his guilty plea and therefore have been waived. See United States v. Bohn, 956 F.2d 208, 209 (9th Cir. 1992) (a guilty plea generally waives all claims of a constitutional nature occurring before the plea).

In addition, this court has reviewed the transcript of petitioner's change of plea and concludes that his guilty plea was voluntarily made, with knowledge of the consequences thereof. A guilty plea must be knowing, intelligent and voluntary. Brady v. United States, 397 U.S. 742, 748 (1970); Boykin v. Alabama, 395 U.S. 238, 242 (1969). "The voluntariness of [a petitioner's] guilty plea can be determined only by considering all of the relevant circumstances surrounding it." Brady, 397 F.2d at 749. In Blackledge v. Allison, 431 U.S. 63 (1977), the Supreme Court addressed the presumption of verity to be given the record of plea proceeding when the plea is subsequently subject to a collateral challenge. While noting that the defendant's representations at the time of his guilty plea are not "invariably insurmountable" when challenging the voluntariness of his plea, the court stated that, nonetheless, the defendant's representations, as well as any findings made by the judge accepting the plea, "constitute a

formidable barrier in any subsequent collateral proceedings" and that "[s]olemn declarations in open court carry a strong presumption of verity." Blackledge, 431 U.S. at 74. See also Marshall v. Lonberger, 459 U.S. 422, 437 (1983) (plea is presumed valid in habeas proceeding when the pleading defendant was represented by counsel); Little v. Crawford, 449 F.3d 1075, 1081 (9th Cir. 2006); Chizen v. Hunter, 809 F.2d 560, 561 (9th Cir. 1986). The record must affirmatively show that a criminal defendant's guilty plea is intelligent and voluntary. Boykin, 395 U.S. at 242-43.

Under Boykin, the record must reflect that a criminal defendant pleading guilty understands, and is voluntarily waiving, his rights to the privilege against compulsory self-incrimination, to trial by jury and to confront one's accusers. 395 U.S. at 243. However, specific articulation of the Boykin rights "is not the sine qua non of a valid guilty plea." Wilkins v. Erickson, 505 F.2d 761, 763 (9th Cir. 1974). Rather, if the record demonstrates that a guilty plea is knowing and voluntary, "no particular ritual or showing on the record is required." United States v. McWilliams, 730 F.2d 1218, 1223 (9th Cir. 1984).

Here, there was a full and complete colloquy between the court and petitioner at the time he entered his plea. (CT at 52-53, 116-123.) Petitioner affirmatively stated that he had no questions about the written plea form he had signed, that his counsel had "explained everything to me," and that he understood the rights he was giving up by his plea. (Id. at 117.) Petitioner voluntarily waived his rights to a speedy trial and to a trial by jury, the right to confront his accusers and his right against self-incrimination. (Id. at 118-19.) Petitioner also agreed that he was giving up his right to appeal his conviction. (Id. at 117-18.) Petitioner affirmed that he was, in fact, guilty of the charges against him. (Id. at 120.) He stated that he had enough time to discuss his case with his trial counsel and that he had told counsel everything he knew about his case. (Id. at 121.) Petitioner stated that he understood his possible sentence and its consequences. (Id. at 120-21.) Petitioner stated he was entering his plea freely and voluntarily and that no-one had made any threats or promises to induce him to enter his plea. (Id. at 122-23.)

Petitioner had notice of the nature of the charges against him. (Id. at 123.) See Lonberger, 459 U.S. at 436 (in order for a plea to be voluntary, an accused must receive notice of the nature of the charge against him, "the first and most universally recognized requirement of due process") (quoting Smith v. O'Grady, 312 U.S. 329, 334 (1941)). This is sufficient for purposes of federal habeas review. Lonberger, 459 U.S. at 436. There is nothing in the record before this court to overcome the presumption that petitioner pled guilty voluntarily and intelligently.

Assuming arguendo that petitioner is attacking the voluntary and intelligent character of his guilty plea by alleging that the advice he received from his counsel to plead guilty was improper or inadequate in some way, his claim should be rejected. Tollett, 411 U.S. at 267 (a defendant who pleads guilty upon the advice of counsel "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann" [v. Richardson, 397 U.S. 759 (1970)] (holding that all defendants facing felony charges are entitled to the effective assistance of competent counsel); Mitchell v. Superior Court for City of Santa Clara, 632 F.2d 767, 769-70 (9th Cir. 1980) ("a guilty plea will not preclude federal habeas relief if it was not voluntarily and intelligently made with competent advice of counsel"). To prevail on such a claim, a petitioner must show that: (1) counsel's representation fell below the range of competence demanded of attorneys in criminal cases, and (2) "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 56 (1985). Petitioner has failed to make any showing suggesting that his counsel's advice to plead guilty constituted deficient performance.

The case against petitioner was substantial. Two police officers testified at the preliminary hearing that the victims, aged 9 and 13, told the officers that petitioner had fondled them, describing the events in detail. (CT at 19-21, 23-29, 36-41, 43.) Even without petitioner's inculpatory statements to police, this evidence against petitioner was significant and substantial. Further, as noted by respondent, petitioner was facing a possible sentence of life in prison by

8

virtue of the charges against him. (See id. at 34.) As a result of his plea agreement, three counts were dismissed with a Harvey waiver,[3] and an allegation that he had molested multiple victims was dismissed outright. (Opinion at 1; CT at 62.) Petitioner ultimately received a sentence of six years in prison. (Id.) Under these circumstances, counsel's advice to petitioner that he should accept the plea offer was certainly not below an objective standard of reasonableness.[4]

## CONCLUSION

For all of the reasons described above, petitioner has failed to demonstrate that he is entitled to habeas relief on any of his claims. Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

---

[3] In People v. Harvey, 25 Cal. 3d 754, 758 (1979), the California Supreme Court concluded that a sentencing court could not properly consider any of the facts underlying a dismissed count for purposes of aggravating a defendant's sentence on remaining counts because of an implicit understanding that the defendant would suffer no adverse sentencing consequences by reason of the facts underlying a count which was dismissed pursuant to a plea bargain.

[4] On July 11, 2007, petitioner filed a document with this court entitled "amended petition," to which he attached a transcript of his police interrogation, arguing that his inculpatory statements to police were obtained in violation of Miranda. Petitioner also contends that the transcript has been "edited to favor the prosecution." ("Amended Petition" at 1, 6.) This document was filed significantly after the deadline for filing a traverse had expired and should therefore be disregarded. In any event, the "Amended Petition" does not provide support for petitioner's claims. Petitioner provides evidence that his trial counsel filed a motion to suppress his confession prior to petitioner's entry into the plea agreement. ("Amended Petition" at 7-10 of 26.) According to petitioner, this motion was never heard by the trial court. (Id.) However, these documents reflect that trial counsel considered challenging petitioner's confession but abandoned that attack in favor of entering into a plea agreement. This tactical decision is certainly reasonable under the circumstances of this case as set forth above and does not support a claim of ineffective assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 690 (1984) ("strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable"). Further, as discussed above, any claim that petitioner's trial counsel was ineffective because of his failure to move to suppress his confession was waived by petitioner's knowing and voluntary guilty plea.

"Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 20 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8
vivian965.hc